# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANNA R. LEDUC and TERRI TRIPP, on behalf of the ACCT Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>MIGUEL PAREDES, PRUDENT FIDUCIARY SERVICES, LLC, CHRISTOPHER J. DEBBAS, JAMES R. GRIFFITHS, RUSSELL HUGHES, JOSEPH LEMBO, GREGORY S. CAMPBELL, and G.D. CAMPBELL ASSOCIATES, L.P.<br><br>        Defendants. | **Case No. 2:24-cv-05970-WB** |

### CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between Plaintiffs Deanna R. Leduc and Terri Tripp, (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class (as defined below) on the one hand, and Defendants Prudent Fiduciary Services, LLC ("PFS"), and Miguel Paredes ("Trustee" and, with PFS, the "Trustee Defendants"); and Christopher Debbas, James R. Griffiths, Russell Hughes, Joseph Lembo, Gregory S. Campbell and G.D. Campbell Associates, L.P. (the "ACCT Defendants" and, with the Trustee Defendants, "Defendants") on the other hand (Plaintiffs and Defendants are collectively referred to as "Parties").

### RECITALS

WHEREAS, prior to December 22, 2021, ACCT Holdings, Inc. ("ACCT") was a privately held company;

WHEREAS, ACCT engaged Miguel Paredes to serve as the independent trustee of the

ACCT Holdings, Inc. Employee Stock Ownership Trust, a trust established pursuant to the ACCT Holdings, Inc. Employee Stock Ownership Plan ("ESOP"), in connection with the ESOP's purchase of 100% of ACCT's stock ("Stock");

WHEREAS, the Trustee approved the purchase by the ESOP of 100% of ACCT's Stock for $320,000,000, financed by a loan from ACCT for $118,500,000 and a loan from the selling shareholders for $201,500,000 (the "ESOP Transaction");

WHEREAS, the ESOP Transaction closed on December 22, 2021 (the "Closing Date");

WHEREAS, after the Closing Date, shares of ACCT's Stock that had been purchased by the ESOP were periodically allocated to ESOP participants' ("Participants") accounts following the payment by ACCT of contributions to the ESOP and the ESOP's corresponding payments back to ACCT to satisfy the debt payment obligations under the promissory note ("Consolidated ESOP Note");

WHEREAS, on November 7, 2024, one of the Plaintiffs, on behalf of a putative class of participants and beneficiaries in the ESOP, filed a class action complaint against the Trustee Defendants and certain of the ACCT Defendants in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:24-CV-05970-WB (the "Lawsuit");

WHEREAS, Plaintiff alleged that these Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.,* in connection with the ESOP Transaction;

WHEREAS, on January 23, 2025, one of the Plaintiffs, on behalf of a putative class of participants and beneficiaries in the ESOP, filed a class action complaint against the Trustee Defendants and certain of the ACCT Defendants in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:25-CV-00405 (the "Second Lawsuit"),

WHEREAS, on February 28, 2025, one of the Plaintiffs filed a First Amended Complaint in the Lawsuit.

WHEREAS, on March 21, 2025, the Court issued an Order consolidating the Second Lawsuit with the Lawsuit, under the Case Number for the Lawsuit;

WHEREAS, on March 28, 2025, Plaintiffs filed a Second Amended Complaint in the Lawsuit;

WHEREAS, on May 1, 2025, all Defendants filed Motions to Dismiss the Second Amended Complaint;

WHEREAS, on August 11, 2025 the Court issued an Order denying without prejudice Defendants' Motions to Dismiss, and permitting renewed motions to be filed on or before September 15, 2025;

WHEREAS, Defendants continue to deny all material allegations in the Second Amended Complaint and, more generally, deny any wrongdoing or liability with respect to the ESOP or the ESOP Transaction. Defendants maintain that, at all relevant times, they have acted reasonably and prudently with respect to the ESOP and the ESOP participants and beneficiaries and, further, that their actions at all times have complied with all applicable laws; and

WHEREAS, the Parties, through their counsel, participated in arm's-length and good faith settlement discussions and reached an agreement in principle regarding a settlement of the Lawsuit.

NOW, THEREFORE, it is agreed by the Parties, in consideration of the promises, covenants, and agreements herein stated, and for other good and valuable consideration, that the Lawsuit and Released Claims (as defined herein) shall be settled and dismissed on the merits and with prejudice in accordance with the following terms and conditions, all subject to the approval

by the Court.

1.    **Additional Definitions.**

1.1    "Class Member" shall mean a member of the Settlement Class.

1.2    "Class Notice" shall mean notice of the Settlement to the Settlement Class to be provided pursuant to the Preliminary Approval Order in the manner and form approved by the Court and in compliance with Rule 23 of the Federal Rules of Civil Procedure.

1.3.    "Court" shall refer to the United States District Court for the Eastern District of Pennsylvania.

1.4    "Fairness Hearing" shall mean the hearing at which the Court will consider whether the Settlement should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1.5    "Final" shall mean that (i) the time has expired to file an appeal, motion for reargument, motion for rehearing, petition for a writ of certiorari or other writ ("Appeal Proceeding") with respect to a judicial ruling or order with no such Appeal Proceeding having been filed; or (ii) if an Appeal Proceeding has been filed with respect to such judicial ruling or order, (a) the judicial ruling or order has been affirmed without material modification and with no further right of review, or (b) such Appeal Proceeding has been denied or dismissed with no further right of review.

1.6    "Final Order" shall mean a final judgment and order of dismissal which is to be entered by the Court finally approving the terms of this Settlement Agreement and dismissing the Lawsuit with prejudice.

1.7    "Plaintiffs' Counsel" shall mean Bailey & Glasser, LLP and Stris & Maher LLP.

1.8    "Plaintiffs' Liaison Counsel" shall mean Cohen Milstein Sellers & Toll PLLC, and MKLLC Law.

1.9    "Preliminary Approval Order" shall mean the order preliminarily approving the Settlement substantially in the form attached as Exhibit A hereto.

1.10    "Settlement" shall mean the settlement to be consummated under this Settlement Agreement.

1.11    "Settlement Administrator" shall mean RG2 Claims Administration, LLC.

1.12    "Settlement Amount" shall mean $8,750,000, which consists of a combination of debt forgiveness and cash, as more fully set forth below at Section 7.

1.13    "Settlement Class" shall mean all persons who, at any time on or prior to December 31, 2025, were vested participants in the ESOP and the beneficiaries of such participants. Excluded from the Settlement Class are the shareholders who sold their ACCT Stock to the ESOP, directly or indirectly, and their immediate families; the directors of ACCT and their immediate families; and legal representatives, successors, and assigns of any such excluded persons.

1.14    "Service Awards" shall mean the amounts requested by Plaintiffs to be awarded to Deanna LeDuc and Terri Tripp in recognition of their service as class representatives.

2.    **Conditions to Finality of Settlement.**

The Settlement shall be unconditional when each of the following conditions in Sections 2.1 through 2.5 have been satisfied. The Parties will use reasonable good faith efforts to cause each of the conditions to occur within the times indicated.

2.1. Condition #1: Class Certification for Purposes of Settlement.

The Court shall certify the Settlement Class as a non-opt-out class for settlement purposes pursuant to Rule 23(a)(l)-(4), 23(b)(1) and/or (2), and 23(e) of the Federal Rules of Civil Procedure, with Plaintiffs as the named class representatives and Plaintiffs' Counsel as counsel for Plaintiffs and the Settlement Class. The Parties agree to certification of the Settlement Class

for settlement purposes only, and Defendants agree not to challenge certification of the Settlement Class for settlement purposes. The Parties further agree that if the Settlement does not become unconditional, then no Settlement Class will be deemed to have been certified by, or as a result of, this Settlement Agreement, and the Lawsuit and the claims asserted therein will revert to their status as of the day immediately before the execution of this Settlement Agreement. In such event, Defendants will not be deemed to have consented to the certification of any class, the agreements and stipulations in this Settlement Agreement or its Exhibits concerning class definition, class period, or class certification shall not be used in any way to support class definition, any class period, class certification, or for any other purpose, and Defendants will retain all rights to oppose class certification.

2.2. <u>Condition #2: Court Approval</u>.

The Settlement shall have been approved by the Court in accordance with the following steps:

2.2.1. *Motion for Preliminary Approval of Settlement and of Notices*.

On or before January 5, 2026, Plaintiffs will file a motion ("Preliminary Approval Motion") with the Court for entry of the Preliminary Approval Order in the form annexed as Exhibit A hereto. Plaintiffs shall give Defendants at least five (5) days to review the Preliminary Approval Motion before filing. Defendants may, but shall not be required to, submit papers in connection with the Preliminary Approval Motion.

2.2.2. *Service of Notice under the Class Action Fairness Act*.

The ACCT Defendants shall prepare and serve the notices required by the Class Action Fairness Act of 2005, PL 109-2 (2005) ("CAFA"), as specified by 28 U.S.C. § 1715, within ten days after the Settlement Agreement is filed with the Court.

2.2.3. *Preliminary Approval Order; Issuance of Class Notice.*

The Court shall issue the Preliminary Approval Order, substantially in the form annexed as Exhibit A hereto. Subject to the requirements of the Preliminary Approval Order, Plaintiffs shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice on a website for the Settlement Class no later than 90 days before the Fairness Hearing set by the Court in the Preliminary Approval Order. The Parties will seek to set the Fairness Hearing at least 100 days after the filing the Settlement Agreement with the Court (which shall be filed with Plaintiffs' Motion for Preliminary Approval).

Furthermore, Defendant Debbas, within 10 days of the Court entering a Preliminary Approval Order, shall direct ACCT to provide the Settlement Administrator with (1) the names and last known addresses of the Settlement Class members, (2) the number of vested shares of ACCT Stock allocated to the ESOP accounts of the Class Members as of December 31, 2025, and (3) if a Class Member received a distribution from the Plan before December 31, 2025 for some or all of their vested shares ("Cashed-Out Class Member"), the number of vested shares of ACCT Stock redeemed in the distribution.

2.2.4. *Motion for Final Approval of Settlement.*

Plaintiffs will file a motion with the Court seeking final approval of the Settlement (the "Final Approval Motion") and for approval of attorneys' fees and expenses and Service Awards to the class representatives no later than forty-five (45) days before the Fairness Hearing date set by the Court in the Preliminary Approval Order. Defendants may, but shall not be required to, submit papers in connection with the Final Approval Motion.

2.2.5. *The Fairness Hearing.*

At or after the Fairness Hearing, the Court will determine: (i) whether to enter the Final

Order approving the Settlement and dismissing the Lawsuit; (ii) what attorneys' fees and expenses should be granted to Plaintiffs' Counsel and Plaintiffs' Liaison Counsel; and (iii) what, if any, Service Awards should be awarded to the class representatives.

2.2.6. *Entry of Final Order*.

The Court shall have entered the Final Order.

2.3.    Condition #3: Independent Fiduciary Approval

The Independent Fiduciary shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the ESOP:

2.3.1 The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") in making its determination.

2.3.2 The Independent Fiduciary shall notify all Counsel for the Parties of its determination in writing, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

2.3.3 All Counsel for the Parties shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement.

2.3.4. Selection of the Independent Fiduciary shall be made by the ACCT Defendants subject to Plaintiffs' approval of the selection and the fee to be charged by the Independent Fiduciary.

2.3.5. If the Settlement becomes Final, the fees and costs of the Independent Fiduciary will be paid out of the Settlement Amount. If the Settlement does not become Final, the

fees and costs of the Independent Fiduciary shall be split evenly between Plaintiffs and Defendants.

2.4    Condition #4: Funding of Settlement Amount and Completion of Seller Note Reduction.

The ACCT Defendants shall have caused the cash portion of the Settlement Amount to have been deposited into the Settlement Fund Account and completed the Seller Note Reduction in accordance with Section 7.

2.5    Condition #5: Finality of Final Order.

The Final Order has become Final.

If Plaintiffs and Defendants disagree as to whether each and every condition set forth in Section 2 herein has been satisfied or waived, they shall promptly confer in good faith and, if unable to promptly resolve their differences, shall present their disputes for determination to the Court.

**3.    Releases.**

3.1    Releases by Plaintiffs and the Settlement Class.

Effective upon the entry of the Final Order, Plaintiffs and the Settlement Class on behalf of themselves, their beneficiaries, heirs, executors, representatives, and assigns, absolutely and unconditionally release and forever discharge (i) each Defendant; dismissed defendants Board of Directors of ACCT Holdings, Inc. and Hunter Croft; any successor trustee to the ESOP; the named and functional fiduciaries of the ESOP; and current or former shareholders, officers, directors, and trustees of PFS, ACCT and/or the ESOP; and, to the extent applicable, (ii) each of their respective successors, parent companies, subsidiaries, affiliates, officers, directors, partners, employees, agents, attorneys, relations, representatives, assigns, insurers and reinsurers (collectively, "Defendant Releasees"), from all Released Claims, as defined in Section 3.3. Notwithstanding any other provision hereof, the Releases set forth in Section 3 will remain in

effect during the pendency of any Appeal Proceeding of the Final Order. Only if any Appeal Proceeding results in a reversal or vacation of the Final Order will the Releases become void and lose their effect, at which time the provisions of Section 10 will become effective.

3.2    Releases by Defendants

Effective upon the entry of the Final Order, Defendants, on behalf of themselves, their beneficiaries, heirs, executors, representatives, and assigns, absolutely and unconditionally release and forever discharge Plaintiffs, Plaintiffs' Counsel, and Plaintiffs' Liaison Counsel ("Plaintiff Releasees") from all Released Claims, as defined in Section 3.3.[1]

3.3    Released Claims.

The Released Claims shall include any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief), whether against Releasees in their capacity as individuals, corporate entities, or in their capacities as fiduciaries, whether known or unknown, in law or equity, which were or could have been asserted in the Lawsuit arising from the facts and claims alleged in the Second Amended Complaint (the "Released Claims"). The Released Claims do not include any individual ESOP participant's or beneficiary's claim for benefits under Section 502(a)(1)(B) of ERISA based only on errors unrelated to the allegations in the Lawsuit regarding that participant's salary, age, or years of service. In the event that any court with original or appellate jurisdiction over the Lawsuit issues a final determination that any portion of Section 3 herein is not enforceable, the Parties will jointly modify Section 3 herein to conform with such determination, and in any event portions of Section 3 herein that are enforceable shall remain enforceable.

---

[1] Defendant Releasees and Plaintiff Releasees shall be referred to collectively as "Releasees."

Plaintiffs on their own behalf and on behalf of all members of the Settlement Class and the ACCT ESOP, expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction. Section 1542 reads in pertinent part:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

4.    **Covenants.**

4.1    <u>Covenants Not to Sue</u>. Plaintiffs and all members of the Settlement Class, Plaintiffs' Counsel, and Plaintiffs' Liaison Counsel covenant and agree, (i) not to file any claim or action against any Defendant Releasee based on a Released Claim; and (ii) that the foregoing covenant and agreement shall be a complete defense to any such lawsuit or claims against any of the Defendant Releasees. Defendants covenant and agree not to file any claim or action against Plaintiff Releasees relating to any claim, allegations, or conduct in the Lawsuit.

4.2    <u>Taxation of Settlement Fund</u>. Plaintiffs acknowledge that Defendant Releasees have                                                                                                  no responsibility for any taxes due on the Settlement Fund, on earnings on the Settlement Fund, or any amounts that Plaintiffs receive from the Settlement Fund. Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

5.    **Representations and Warranties.**

5.1    <u>Plaintiffs' Representations and Warranties</u>. Each Plaintiff represents and warrants on behalf of herself and all members of the Settlement Class as follows:

5.1.1    That Plaintiffs and their counsel have conducted an appropriate investigation and discovery, and have diligently litigated the Lawsuit.

5.1.2    That none of the claims or causes of action made in the Lawsuit or that could have been alleged in the Lawsuit against any of the Defendant Releasees have been or will be assigned, encumbered, or in any manner transferred in whole or in part.

5.1.3    That the Settlement Class, including Plaintiffs, shall not have any surviving claims or causes of action against any of the Defendant Releasees with respect to the Released Claims.

5.2    Parties' Representations and Warranties.

The Parties, and each of them, represent and warrant:

5.2.1    That they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations with a mediator among Plaintiffs' Counsel and counsel for Defendants, as approved by the Court, that in executing this Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights, obligations, and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representation, statement, or omission pertaining to any of the foregoing matters by any Party or by any person representing any Party to this Settlement Agreement. With respect to the Settlement Agreement, each of the Parties assumes the risk of mistake as to facts and/or law.

5.2.2.    That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each person executing this Settlement Agreement on

behalf of such Party. The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary or appropriate.

5.3    Signatories' Representations and Warranties.

Each person executing this Settlement Agreement on behalf of themselves or in a representative capacity do hereby personally represent and warrant that, to the best of his or her information and knowledge formed after reasonable inquiry, he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal for whom such individual represents or purports to represent.

**6.    No Admission of Liability.**

6.1    This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal, equitable, or factual, and are not admissions of any damages or losses. The Settlement Agreement, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Settlement Agreement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be construed, offered or received against or to the prejudice of the Parties for any purpose, and in particular:

6.1.1    do not constitute and shall not be deemed to constitute any liability or wrongdoing by any of the Releasees, or give rise to any inference of wrongdoing or liability under ERISA;

6.1.2    do not constitute, and shall not be offered or received against or to the prejudice of Releasees as evidence of any presumption, concession, or admission by Releasees

13

with respect to the truth of any allegation by Plaintiffs or as alleged in the Lawsuit, or of any liability, damages, fault, omission, or wrongdoing of Releasees;

6.1.3   do not constitute, and shall not be offered by or received against or to the prejudice of Releasees, in any other civil, criminal, or administrative lawsuit or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement;

6.1.4   do not constitute, and shall not be offered or received against or to the prejudice of Plaintiffs as evidence of any presumption, concession or admission by Plaintiffs with respect to the truth of any allegation or affirmative defense by Defendants or as alleged in the Answer, or to limit any claim of damages or remedy requested by Plaintiffs;

6.2     Releasees may file this Settlement Agreement and/or the Final Order in any action that may be brought against them in order to support a defense or counterclaim based in principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate the liability protection granted them under any applicable insurance policies. A Party may file this Settlement Agreement and/or the Final Order in any action that the Party brings against another Party to enforce the terms of this Settlement Agreement and/or the Final Order.

**7.     The Settlement Fund Account and Note Reduction.**

7.1     The Settlement Administrator, at the direction of Plaintiffs' Counsel, shall establish at a federally chartered financial institution reasonably acceptable to Defendants (the "Financial Institution") an interest-bearing account (the "Settlement Fund Account"). The Parties agree that the Settlement Fund Account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. 26 C.F.R. §1.468B-1. Plaintiffs'

Counsel shall provide to the Defendants: (i) written notification of the date of establishment of the Settlement Fund Account; (ii) written notification of the following information regarding the Financial Institution and the Settlement Fund Account: bank name, bank address, ABA number, account number, account name, and IRS Form W-9 and taxpayer identification number; and (iii) any additional information needed to deposit the cash-portion of the Settlement Amount into the Settlement Fund Account. The Settlement Administrator, at the direction of Plaintiffs' Counsel, shall direct the Financial Institution to make distributions by wire transfer or check from the Settlement Fund only in strict accordance with the Settlement Agreement and Court Orders. No other disbursements may be authorized by Plaintiffs' Counsel or the Settlement Administrator.

7.2     Ten (10) calendar days after the entry of the Preliminary Approval Order, the ACCT Defendants shall cause $375,000 to be deposited into the Settlement Fund Account; provided however, that if Plaintiffs' Counsel has not yet provided the ACCT Defendants with the notifications and information required in the preceding paragraph, then the deadline for the ACCT Defendants to make the deposit into the Settlement Fund Account, shall be extended to ten (10) calendar days after the date on which Plaintiffs' Counsel provides the requisite notifications and information.

7.3     Ten (10) calendar days after the entry of the Final Order by the Court, the ACCT Defendants shall cause $375,000 to be deposited into the Settlement Fund Account.

7.4     The ACCT Defendants represent that the Subordinated Notes dated December 22, 2021, made by ACCT in favor of Christopher Debbas, James R. Griffiths, Russell Hughes, Joseph Lembo, Gregory S. Campbell and G.D. Campbell Associates, L.P.  (the "Seller Notes") are still in effect and have not been extinguished or refinanced. Sixty (60) calendar days after the Court enters the Final Order, the ACCT Defendants shall cause a total aggregate reduction of $5.75

million of the balance on the Seller Notes ("Seller Note Reduction") and shall make a corresponding reduction to the balance on ACCT's loan to the ESOP by $5.75 million ("Internal Loan Reduction"). Within fourteen (14) days of the Seller Note Reduction and Internal Loan Reduction, Defendants shall provide Class Counsel with copies of the documents effectuating the reductions.

7.5    Ninety (90) calendar days after the entry of the Final Order by the Court, the ACCT Defendants shall cause $750,000 to be deposited into the Settlement Fund Account.

7.6    One hundred eighty (180) calendar days after the entry of the Final Order by the Court, the ACCT Defendants shall cause $750,000 to be deposited into the Settlement Fund Account.

7.7    Two hundred seventy (270) calendar days after the entry of the Final Order by the Court, the ACCT Defendants shall cause $750,000 to be deposited into the Settlement Fund Account.

7.8    The cash-portion of the Settlement Amount deposited into the Settlement Fund Account will be considered to be in the legal custody of the Court until such time as such funds may be distributed pursuant to further order of the Court or pursuant to the terms of this Settlement Agreement. The Parties acknowledge and agree that Defendant Releasees shall have no authority, control or liability in connection with the design, management, administration, investment, maintenance, or control of the Settlement Fund Account, or for any expenses the Settlement Fund Account may incur or any taxes that may be payable to the Settlement Fund.

7.9    The Settlement Amount shall be the full and sole monetary contribution made by or on behalf of Defendant Releasees in connection with the Settlement. The Settlement Amount specifically covers any claims for attorneys' fees and litigation expenses by Plaintiffs. Except as

otherwise specified in this Settlement Agreement or a separate agreement between any of the Parties, the Parties shall bear their own costs and expenses (including attorneys' fees) incurred in connection with the Lawsuit and effectuating this Settlement Agreement and securing necessary Court orders and approvals with respect to the same.

### 8. <u>Payments from the Settlement Fund Account.</u>

8.1    <u>Administration Expenses</u>. Once the Final Order becomes Final, Plaintiffs' Counsel may direct the Settlement Administrator in writing, without notice to Defendants or further order of the Court, to disburse from the Settlement Fund Account (i) the amount required for payment of any taxes owed on the Settlement Fund Account, (ii) the fees and costs of the Independent Fiduciary, and (iii) amounts for the reasonable expenses of administering the Settlement Fund Account, including (a) reasonable expenses associated with the preparation and filing of all tax reports and tax returns required to be filed; (b) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the Settlement Fund Account; (c) fees charged and expenses incurred by the Financial Institution associated with the administration of the Settlement Fund Account; (d) fees charged and expenses incurred by the Settlement Administrator, including reasonable costs incurred in preparing and mailing the Class Notice and any supplemental notice to the Settlement Class, in implementing the plan of allocation approved by the Court ("Plan of Allocation") and in disbursing funds from the Settlement Fund Account.

If the Settlement Agreement is terminated or does not become Final for any reason, subject to the exceptions in Sections 2.3.5 and 10.2.1, Plaintiffs' Counsel shall be obligated to instruct the Settlement Administrator (or an escrow agent, successor trustee, or other person with authority to disburse the funds) to return the cash-portion of the Settlement Amount deposited into the

Settlement Fund Account to the ACCT Defendants within ten (10) business days of the earlier of the termination date or the date of the Order upon which the Settlement Agreement does not become Final.

8.2    <u>Disbursements from Settlement Fund</u>. Plaintiffs' Counsel shall be entitled to seek from the Court disbursement of money from the Settlement Fund Account once the Final Order becomes Final as follows:

8.2.1 For Attorneys' Fees and Litigation Expenses. As provided in Section 9.1 herein.

8.2.2 For payment of any Service Awards approved by the Court. In recognition of their service as class representatives Plaintiffs shall request a Service Award for each class representative not to exceed $2,500.

8.2.3 For Payment to the Settlement Class. Upon the Final Order becoming Final, after all payments have been made into the Settlement Fund Account pursuant to Sections 7.2-7.3 and 7.5-7.7, and after the amounts payable pursuant to Sections 8.1, 8.2.1, and 8.2.2 have been determined and disbursed, the net amount remaining in the Settlement Fund Account (the "Net Proceeds") shall be calculated by the Settlement Administrator. The Settlement Administrator shall implement the Plan of Allocation and, thereby, determine how much of the Net Proceeds should be allocated to each Class Member, using the records available to it. The allocable portion of the Net Proceeds (if any) for each Class Member shall be distributed to those Class Members directly by the Settlement Administrator in the following form: (1) for those Class Members with an active ESOP account, as a cash allocation to their ESOP account to be deposited into a money market fund in the ESOP (to be established by the trustee of the ESOP), or (2) to those Class Members without an active ESOP account, at the Class Member's election as either (a) a deposit into an

individual retirement account, (b) a deposit into another eligible retirement plan, or (c) directly to the Class Member by check. Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall take no position for or against the Plan of Allocation. Plaintiffs, Plaintiffs' Counsel, Plaintiffs' Liaison Counsel, Defendants, and Defendants' counsel shall have no responsibility or liability for or in connection with the calculations and distributions of the Net Proceeds among and to the members of the Settlement Class.

### 9.    Attorneys' Fees and Litigation Expenses and Service Awards

9.1    Payment of Plaintiffs' Attorneys' Fees and Litigation Expenses and Service Awards.

Plaintiffs' Counsel may apply to the Court for an award of attorneys' fees in an amount not exceeding 15% of the Settlement Amount, and for reimbursement of litigation expenses, including the cost and expense of any service company, expert, or consultant retained by Plaintiffs' Counsel. Any award of attorneys' fees and expenses shall be paid out of, and not in addition to, the Settlement Amount. Plaintiffs may also apply to the Court for Service Awards to the class representatives, which shall be paid out of, and not in addition to, the Settlement Amount. Plaintiffs' Counsel shall file their application for attorneys' fees and litigation expenses and for Service Awards no later than forty-five (45) days before the Fairness Hearing and, to allow twenty-four (24) days for Class Members to review and submit objections to the Settlement Agreement, the application for attorneys' fees and expenses, and the proposed Service Awards. Thereafter, Plaintiffs' Counsel shall be entitled to receive attorneys' fees and litigation expenses and the class representatives shall be entitled to Service Awards from the Settlement Fund Account to the extent awarded by the Court.

9.2    Separate Consideration. The procedure for and allowance or disallowance by the

Court of Plaintiffs' application for attorneys' fees and litigation expenses and for Service Awards are a separate part of the Settlement set forth in this Settlement Agreement, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Settlement Agreement. Any order or proceeding relating to any application for attorneys' fees or litigation expenses in an amount less than the amount requested by Plaintiffs' Counsel or request for Service Awards, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement Agreement, or affect or delay the finality of the Final Order approving the Settlement Agreement and the Settlement set forth herein. If at the time of any disbursement from the Settlement Fund Account there shall be a pending application for attorneys' fees or expenses or Service Awards, there shall be reserved in the Settlement Fund Account an amount equal to the amount of the pending application, until such time as the Court shall rule upon such application and such ruling shall become Final.

## 10. Termination of the Settlement Agreement.

10.1 Termination. This Settlement Agreement may be terminated by any Party if (i) the Court declines to approve the Settlement by entering the Final Order, or (ii) the Final Order entered by the Court is reversed or modified in any material respect by any Appeal Proceeding, provided that the terminating party, within fourteen (14) calendar days from the date of such event, furnishes written notice to Plaintiffs' Counsel or Defendants' counsel, as the case may be, of the termination of this Settlement, specifying the terms modified or not approved that give rise to the right to terminate.

10.2 Consequences of Termination of the Settlement Agreement. If the Settlement Agreement is terminated, the following shall occur:

10.2.1 Plaintiffs' Counsel or Defendants' counsel shall promptly after the date of

termination of the Settlement Agreement notify the Court and return to the ACCT Defendants the cash-portion of the Settlement Amount deposited into the Settlement Fund Account, except for amounts disbursed or incurred pursuant to Section 8.1 (Administration Expenses) up to a cap of $25,000. If the amounts disbursed or incurred pursuant to Section 8.1 (Administration Expenses) exceed $25,000, Plaintiffs' Counsel will pay the excess balance of those amounts.

10.2.2 The Lawsuit shall for all purposes revert to its status as of the day immediately before the execution of this Settlement Agreement and the Parties shall request a scheduling conference with the Court. In any subsequent proceeding, the terms of this Settlement Agreement shall not constitute nor be construed as an admission by any Party, nor be used against any Party, in any manner, whether as evidence or argument.

10.2.3 The Settlement shall be deemed void and of no further force and effect.

## 11. <u>Miscellaneous Provisions.</u>

11.1 <u>Continuing Jurisdiction of the Court</u>. The Court shall retain jurisdiction over this Lawsuit to resolve any dispute that may arise regarding the Settlement Agreement, the Class Notice, the Final Order, or any other matters relating thereto, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement Agreement.

11.2 <u>Non-disparagement</u>. Plaintiffs, Plaintiffs' Counsel, and Plaintiffs' Liaison Counsel shall not make any statements, or take any other actions, to disparage, defame, sully or compromise the goodwill, name, brand, or reputation of Defendants. Nothing in this paragraph is intended to limit or restrict Plaintiffs' Counsel's or Plaintiffs' Liaison Counsel's ability to communicate with Class members, except as otherwise provided herein.

11.3 <u>Public Statements</u>.    The Parties agree that neither they nor their agents,

representatives, or counsel will publicize, announce, post, or disseminate the terms of the settlement or the fact of its occurrence except as provided herein. This includes, but is not limited to, an agreement not to issue a press release, post on social media, or provide information to the press regarding the Settlement. Nothing herein shall be construed as limiting the Parties' ability to (a) take actions necessary to effectuate the Settlement and facilitate payments to any Class Member, including filing documents with the Court and posting the publicly filed Settlement Agreement and court filings related to motions for preliminary, final approval and attorneys' fees and costs on the Settlement Administrator's website; (b) draft a mutually-agreeable, short, factual, and nonargumentative statement for the Settlement Administrator's website; (c) post a mutually-agreeable, short, factual, and nonargumentative statement on Plaintiffs' Counsel's or Plaintiffs' Liaison Counsel's websites indicating that the Lawsuit has settled, the Settlement Amount, and a link to the Settlement Administrator's website; (d) comply with all legal obligations including, but not limited to, valid court orders or subpoenas; and/or (e) seek coverage from their insurance carriers for coverage of the Settlement Amount and/or their attorneys' fees and costs and take all necessary actions to prosecute such claims, including filing a lawsuit.

11.4    <u>Complete Resolution</u>. The Parties intend the Settlement of the Lawsuit to be the full, final, and complete resolution of the Released Claims and the Lawsuit. The Parties and their counsel agree that they shall not make any applications for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure or other court rule or statute, with respect to any claim or defense in this Lawsuit. Nothing herein shall be construed as limiting Defendants' ability to seek coverage from their insurance carriers for coverage of the Settlement Amount and/or their attorneys' fees and costs and take all necessary actions to prosecute such claims, including filing a lawsuit.

11.5    <u>Governing Law</u>. The construction, interpretation, operation, effect, and validity of

this Settlement Agreement and all documents necessary to effectuate it, shall be governed by the laws of the Commonwealth of Pennsylvania, without giving effect to the choice of law provisions thereof, except to the extent the laws of the United States, including federal common law, governs any matter set forth herein, in which case federal law shall govern.

11.6    <u>Severability</u>. The provisions of this Settlement Agreement are not severable.

11.7    <u>Destruction or Return of Protected Materials</u>. Within one hundred and twenty (120) calendar days after the Final Order becomes final, the Parties shall fully comply with the applicable provisions of the Stipulated Confidentiality Order concerning the destruction or return of protected materials.

11.8    <u>Amendment of Settlement Agreement</u>. Before the entry of the Final Order, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties. Following entry of the Final Order, the Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties and approved by the Court. Amendments or modifications may be made without notice to the Class Members unless notice is required by law or the Court.

11.9    <u>Waiver</u>. The provisions of this Settlement Agreement may be waived only in writing executed by the waiving party. The waiver by any Party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

11.10    <u>Retention of Privilege</u>. Nothing in this Settlement Agreement, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

11.11   Construction. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof

11.12   Principles of Interpretation. The following principles of interpretation apply to this Settlement Agreement.

11.12.1     *Headings*. The headings of this Settlement Agreement are for purposes of reference only and do not affect in any way the meaning or interpretation of this Settlement Agreement.

11.12.2     *Terms of Inclusion*. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather be deemed to be followed by the words "without limitation." The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a sentence or clause all subject matter that might otherwise be construed to be outside of its scope. The terms "herein," "hereof," and the like shall be deemed to refer to this Settlement Agreement as a whole.

11.13   Further Assurances. Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that they will in good faith execute and deliver each other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement, so long as such documents and actions are consistent with the terms of this Settlement Agreement and do not effectively result in a material modification of the terms of this Settlement Agreement.

11.14   Survival. All representations, warranties and covenants set forth in this Settlement

Agreement shall be deemed continuing and shall survive the Settlement.

11.15    Entire Agreement.

11.15.1    All of the recitals and exhibits to the Settlement Agreement are material and integral parts hereof and are, except as set forth, fully incorporated herein by this reference.

11.15.2    The Parties acknowledge that this Settlement Agreement specifically supersedes any settlement terms or settlement agreements that were previously agreed upon orally or in writing by any of the Parties regarding the issues of the Settlement.

11.16    Counterparts. This Settlement Agreement may be executed in two (2) or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. Signatures sent by facsimile or by e-mail "PDF" shall be deemed originals.

11.17    Successors and Assigns. This Settlement Agreement shall be binding upon, and insure to the benefit of, the successors and assigns of the Parties.

11.18    Binding Effect. This Settlement Agreement shall be binding when signed, but the Settlement shall be effective only on the condition that the Court approves the Settlement Agreement and satisfaction of Section 2 herein.

11.19    Notices. Any notice, demand, or other communication under this Settlement Agreement (other than the Class Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), or delivered by reputable express overnight courier:

IF TO PLAINTIFFS:
Gregory Y. Porter

25

Bailey & Glasser, LLP
1055 Thomas Jefferson Street, NW, Suite 540
Washington, D.C. 20007

Jeff Hahn
Stris & Maher LLP
1717 K St. NW, Suite 900
Washington, D.C. 20006

IF TO DEFENDANT PRUDENT FIDUCIARY SERVICES, LLC, OR MIGUEL PAREDES:
Lars C. Golumbic
Groom Law Group, Chartered
1701 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006

IF TO DEFENDANTS CHRISTOPHER J. DEBBAS, JAMES R. GRIFFITHS, RUSSELL
HUGHES, JOSEPH LEMBO, GREGORY S. CAMPBELL, and G.D. CAMPBELL
ASSOCIATES, L.P:
Scott J. Stitt
Tucker Ellis LLP
175 South Third Street, Suite 520
Columbus, Ohio 43215-7101

AGREED TO BY THE PARTIES as of December 30, 2025.

**FOR PLAINTIFFS, CLASS REPRESENTATIVES AND ON BEHALF OF THE CLASS:**
**Dated: December 30, 2025**

Gregory Y. Porter (*pro hac vice*)
BAILEY AND GLASSER LLP
1055 Thomas Jefferson St. NW
Suite 540
Washington, D.C. 20007
202-548-7790
gporter@baileyglasser.com

Jeffrey M. Hahn (*pro hac vice*)
STRIS & MAHER LLP
1717 K St. NW
Suite 900
Washington, D.C. 20006
(202) 294-5497
jhahn@stris.com

**FOR DEFENDANTS CHRISTOPHER J. DEBBAS, JAMES R. GRIFFITHS, RUSSELL HUGHES, JOSEPH LEMBO, GREGORY S. CAMPBELL, AND G.D. CAMPBELL ASSOCIATES L.P:**


Julie A. Callsen (Pa. Bar No. 323883)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: (216) 592-5000
Fax: (216) 592-5009
julie.callsen@tuckerellis.com

Scott J. Stitt (*pro hac vice*)
TUCKER ELLIS LLP
175 South Third Street, Suite 520
Columbus, OH 43215-7101
Telephone: (614) 358-9304
Fax: (614)358-9712
scott.stitt@tuckerellis.com

*Attorneys for Defendants Christopher J. Debbas, James R. Griffiths, Russell Hughes, Joseph Lembo, Gregory S. Campbell, and G.D. Campbell Associates L.P.*

**FOR MIGUEL PAREDES:**

Miguel Paredes

**FOR PRUDENT FIDUCIARY SERVICES, LLC**

Miguel Paredes
President, Prudent Fiduciary Services, LLC

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DEANNA R. LEDUC and TERRI TRIPP,** on behalf of the ACCT Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>        **Plaintiffs,**<br><br>    v.<br><br>**MIGUEL PAREDES, PRUDENT FIDUCIARY SERVICES, LLC, CHRISTOPHER J. DEBBAS, JAMES R. GRIFFITHS, RUSSELL HUGHES, JOSEPH LEMBO, GREGORY S. CAMPBELL, and G.D. CAMPBELL ASSOCIATES, L.P.,**<br><br>        **Defendants.** | **Case No. 2:24-cv-05970-WB** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

Plaintiffs Deanna LeDuc and Terri Tripp, individually and on behalf of a class of

individuals similarly situated ("Plaintiffs" or "Class Representatives"), have moved, pursuant to

Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this

action, in accordance with the Class Action Settlement Agreement dated December 30, 2025 (the

"Settlement Agreement"), which, together with the Motion for Preliminary Approval and

exhibits thereto, set forth the terms and conditions for a proposed settlement of this action. The

Court having read and considered the Settlement Agreement and the Motion for Preliminary

Approval and exhibits thereto,

IT IS HEREBY ORDERED that:

1

1.      **Settlement.** Plaintiffs, on behalf of themselves and all members of the Settlement Class, and Defendants, have negotiated a potential settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Settlement Agreement) against Defendants and the other Releasees (as defined in the Settlement Agreement).

2.      **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3.      **Jurisdiction.** This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members, and venue in this Court is proper.

4.      **Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5.      **Settlement Class.** The Court hereby certifies a Rule 23 Settlement Class, defined as follows:

> All vested participants in the ACCT Holdings, Inc. Employee Stock Ownership Plan ("Plan") and the beneficiaries of such participants as of the date of the December 22, 2021, ESOP Transaction through and including December 31, 2025. Excluded from the Settlement Class are the shareholders who sold their ACCT stock to the ESOP, directly or indirectly, and their immediate families; the directors of ACCT during the ESOP Transaction and their immediate families; and legal representatives, successors, and assigns of any such excluded persons.

The Court appoints Plaintiffs Deanna LeDuc and Terri Tripp as Class Representatives, and appoints the law firms of Bailey & Glasser LLP, and Stris & Maher LLP, as Class Counsel.

6.    **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before this Court, on _____, 2026, at _____.m., at the United States District Court for the Eastern District of Pennsylvania, 10614 U.S. Courthouse, 601 Market St., Philadelphia, Pennsylvania, 19106, Courtroom 10A, to determine, among other things: (i) whether the proposed Settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Final Order should be entered; (iii) whether Class Members should be bound by the Releases set forth in Paragraph 3.1 and 3.3 of the Settlement Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any Service Award to the Class Representatives for their representation of the Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be mailed to the Class.

7.    The Court approves the form, substance and requirements of the proposed Class Notice, attached to the Memorandum in Support of Motion for Preliminary Approval as Exhibit 3. The Court further finds that the form, content and mailing of the Class Notice meet the requirements of Rule 23 and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this action, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Fairness Hearing. The Court further finds that the Class Notice constitutes valid, due and sufficient notice to all persons entitled to notice.

8.      The Court appoints RG2 Claims Administration, LLC ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

a)      At least 90 days before the Fairness Hearing, Plaintiffs' Counsel shall cause the Settlement Administrator to disseminate the Class Notice to the Class Members and post the Class Notice, the operative Complaint in this action, and contact information for the Settlement Administrator and Class Counsel, on a settlement website;

b)      the Class Notice shall be sent substantially in the form of Exhibit 3 to the Memorandum in Support of Motion for Preliminary Approval (though the Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administration costs), by first class U.S. mail to each individual Class Member;

c)      Following the issuance of the Class Notice, the Settlement Administrator shall provide Plaintiffs' Counsel with written confirmation of the mailing; and

d)      The Settlement Administrator shall otherwise carry out its duties as set forth in the Settlement Agreement.

9.      **Objections.** Any Class Member may object to the proposed Settlement, or any aspect of it including attorneys' fees and expenses and Service Awards, by filing a written objection with the Clerk of the United States District Court for the Eastern District of Pennsylvania, 10614 U.S. Courthouse, 601 Market St., Philadelphia, Pennsylvania, 19106, Courtroom 10-A, on or before 21 calendar days before the Fairness Hearing. A copy of the objection must also be mailed to Class Counsel and Defense Counsel, so that it is received on or before 21 calendar days before the Fairness Hearing. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*LeDuc v. Paredes*, No. 24-cv-5970-WB);

4

(b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; and (f) copies of all supporting documents. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of a Service Award to the Class Representative for his representation of the Class, unless otherwise ordered by the Court. Responses to objections shall be filed 10 days before the Fairness Hearing.

      10.    **Appearance of Objectors at Fairness Hearing**. Any Class Member who files and serves a written objection in accordance with Paragraph 9 of this Order may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the objection deadline.

      The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance

with the deadlines and other specifications set forth in the Settlement Agreement and Class

Notice shall be deemed to have waived his or her right to appear.

11.     **Service of Motion for Final Approval.** The motion in support of final approval

of the Settlement and Class Counsel's application for attorneys' fees and expenses and Class

Representative Service Awards shall be filed and served no later than 45 days prior to the

Fairness Hearing and any objections thereto shall be filed and served no later than 21 days prior

to the Fairness Hearing. Any responses to such objections shall be filed and served no later than

10 days prior to the Fairness Hearing.

12.     **Fees, Expenses, and Awards.** Neither Defendants nor the Defendant Releasees

shall have any responsibility for any application for attorneys' fees and expenses or Service-

Award requests submitted by Class Counsel, and such matters will be considered separately from

the fairness, reasonableness, and adequacy of the Settlement. At or after the Fairness Hearing, the

Court shall determine whether any application for attorneys' fees and expenses, and any Service

Awards to the Class Representatives for their representation of the Class, should be approved.

13.     **Releases.** If the Settlement is finally approved, Plaintiffs and the Class shall

release the Defendant Releasees from all Released Claims and all Class Members will be bound

by the Final Approval Order.

14.     **Use of Order.** Neither this Order, the fact that a settlement was reached and filed,

the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be

construed as, offered as, admitted as, received as, used as, or deemed to be an admission or

concession of liability or wrongdoing whatsoever or breach of any duty on the part of

Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted

or defenses raised in this action. In no event shall this Order, the fact that a settlement was

6

reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

15.     **Continuance of Fairness Hearing.** The Court reserves the right to continue the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

16.     **Stay of Proceedings.** All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

17.     **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

18.     **Jurisdiction.** This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

        **IT IS SO ORDERED.**


Dated: _____        _____
                                      THE HONORABLE WENDY BEETLESTONE
                                      UNITED STATES DISTRICT JUDGE