**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DEANNA R. LEDUC and TERRI TRIPP, on behalf of the ACCT Holdings, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**MIGUEL PAREDES, PRUDENT FIDUCIARY SERVICES, LLC, CHRISTOPHER J. DEBBAS, JAMES R. GRIFFITHS, RUSSELL HUGHES, JOSEPH LEMBO, GREGORY S. CAMPBELL, and G.D. CAMPBELL ASSOCIATES, L.P.,**<br><br>**Defendants.** | **Case No. 2:24-cv-05970-WB** |

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

Plaintiffs Deanna LeDuc and Terri Tripp, individually and on behalf of a class of individuals similarly situated ("Plaintiffs" or "Class Representatives"), have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this action, in accordance with the Class Action Settlement Agreement dated December 30, 2025 (the "Settlement Agreement"), which, together with the Motion for Preliminary Approval and exhibits thereto, set forth the terms and conditions for a proposed settlement of this action. After a hearing in open court, and the Court having read and considered the Settlement Agreement and the Motion for Preliminary Approval and exhibits thereto and having read its opinion in open court,

IT IS HEREBY ORDERED that:

1

1.      **Settlement.** Plaintiffs, on behalf of themselves and all members of the Settlement Class, and Defendants, have negotiated a potential settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Settlement Agreement) against Defendants and the other Releasees (as defined in the Settlement Agreement).

2.      **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3.      **Jurisdiction.** This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members, and venue in this Court is proper.

4.      **Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5.      **Settlement Class.** The Court hereby certifies a Rule 23 Settlement Class, defined as follows:

> All vested participants in the ACCT Holdings, Inc. Employee Stock Ownership Plan ("Plan") and the beneficiaries of such participants as of the date of the December 22, 2021, ESOP Transaction through and including December 31, 2025. Excluded from the Settlement Class are the shareholders who sold their ACCT stock to the ESOP, directly or indirectly, and their immediate families; the directors of ACCT during the ESOP Transaction and their immediate families; and legal representatives, successors, and assigns of any such excluded persons.

2

The Court appoints Plaintiffs Deanna LeDuc and Terri Tripp as Class Representatives, and appoints the law firms of Bailey & Glasser LLP, and Stris & Maher LLP, as Class Counsel.

6.      **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be set by the Court once the Parties provide Notice to the Court that the Settlement Administrator has received the Settlement Class data necessary to effectuate notice and implement the Plan of Allocation. The Parties shall include the date, time, and location of the Fairness Hearing in the Class Notice to be mailed to the Class.

7.      The Court approves the form, substance and requirements of the proposed Class Notice, attached to the Memorandum in Support of Motion for Preliminary Approval as Exhibit 3. The Court further finds that the form, content and first-class mailing of the Class Notice meet the requirements of Rule 23 and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this action, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Fairness Hearing. The Court further finds that the Class Notice constitutes valid, due and sufficient notice to all persons entitled to notice.

8.      The Court appoints RG2 Claims Administration, LLC ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

a)      At least 90 days before the Fairness Hearing, Plaintiffs' Counsel shall cause the Settlement Administrator to disseminate the Class Notice to the Class Members and post the Class Notice, the operative Complaint in this action, and contact information for the Settlement Administrator and Class Counsel, on a settlement website;

b)    The Class Notice shall be sent substantially in the form of Exhibit 3 to the Memorandum in Support of Motion for Preliminary Approval (though the Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administration costs), by first class U.S. mail to each individual Class Member;

c)    Following the issuance of the Class Notice, the Settlement Administrator shall provide Plaintiffs' Counsel with written confirmation of the mailing; and

d)    The Settlement Administrator shall otherwise carry out its duties as set forth in the Settlement Agreement.

9.    **Objections.** Any Class Member may object to the proposed Settlement, or any aspect of it including attorneys' fees and expenses and Service Awards, by filing a written objection with the Clerk of the United States District Court for the Eastern District of Pennsylvania, 10614 U.S. Courthouse, 601 Market St., Philadelphia, Pennsylvania, 19106, Courtroom 10-A, on or before 21 calendar days before the Fairness Hearing. A copy of the objection must also be mailed to Class Counsel and Defense Counsel, so that it is received on or before 21 calendar days before the Fairness Hearing. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*LeDuc v. Paredes*, No. 24-cv-5970-WB); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; and (f) copies of all supporting documents. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall

not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of a Service Award to the Class Representative for his representation of the Class, unless otherwise ordered by the Court. Responses to objections shall be filed 10 days before the Fairness Hearing.

10. **Appearance of Objectors at Fairness Hearing**. Any Class Member who files and serves a written objection in accordance with Paragraph 9 of this Order may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the objection deadline.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice shall be deemed to have waived his or her right to appear.

11. **Service of Motion for Final Approval.** The motion in support of final approval of the Settlement and Class Counsel's application for attorneys' fees and expenses and Class Representative Service Awards shall be filed and served no later than 45 days prior to the Fairness Hearing and any objections thereto shall be filed and served no later than 21 days prior

5

to the Fairness Hearing. Any responses to such objections shall be filed and served no later than 10 days prior to the Fairness Hearing.

12.    **Fees, Expenses, and Awards.** Neither Defendants nor the Defendant Releasees shall have any responsibility for any application for attorneys' fees and expenses or Service-Award requests submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any Service Awards to the Class Representatives for their representation of the Class, should be approved.

13.    **Releases.** If the Settlement is finally approved, Plaintiffs and the Class shall release the Defendant Releasees from all Released Claims and all Class Members will be bound by the Final Approval Order.

14.    **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

15.     **Continuance of Fairness Hearing.** The Court reserves the right to continue the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

16.     **Stay of Proceedings.** All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

17.     **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

18.     **Jurisdiction.** This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement up until the Settlement Agreement is final and the period for appeal has expired.

**IT IS SO ORDERED.**


Dated: _____          _____
                                  THE HONORABLE WENDY BEETLESTONE
                                  UNITED STATES DISTRICT JUDGE